ARTHUR L. BEY *et al. v.* KANAWHA SAVINGS & LOAN ASSOCIATION

(No. 7850)

Submitted May 15, 1934. Decided May 29, 1934.

*Payne, Minor & Bouchelle,* for plaintiff in error.
*J. E. Springston,* for defendants in error.

HATCHER, JUDGE:

In an action of assumpsit, plaintiffs recovered a judgment for the money they had paid the defendant under a written contract for the purchase of three lots. Defendant obtained a writ of error.

The contract, dated April 26, 1930, provided (in part) that after the purchasers had made twenty-four monthly payments of a certain sum, defendant would execute and deliver to them a general warranty deed for the three lots; and that thereupon the purchasers would execute and deliver to defendant their note for the remainder of the purchase price, and secure the note by a deed of trust upon the property. Time was declared to be of the essence of the contract. Plaintiffs regularly completed the

twenty-four payments and then made four more, without having received a deed. In the interim, according to their evidence, they often requested the deed of defendant. They were in possession of the lots at the time of the trial, but said they had made arrangements to move. The lots were sold to the state for non-payment of taxes before the time when the plaintiffs were entitled to a deed. Defendant redeemed the lots *pendente lite,* and made tender of a deed upon condition that plaintiffs execute the required note, trust deed, etc., but the tender was refused.

The plaintiffs take the position that they rescinded the contract for good cause and are entitled to recover the money paid thereon. The defendant says, even so, the plaintiffs cannot maintain this action because they have not returned or offered to return the possession of the lots. The law supporting defendant is too old and too general to be ignored. With few exceptions (not developed herein) restoration is a necessary incident of rescission. "The buyer must put the seller in statu quo" flatly declares Mr. Williston in his third volume on Contracts, section 1463. "It is a fundamental principle in this branch of the law (rights of the parties on rescission) that a rescission contemplates, as far as possible, a complete restoration of the parties to the positions they respectively occupied prior to entering into the engagement." Warville on Vendors (2d Ed.), section 869. Accord: 27 R. C. L., subject Vendor and Purchaser, sec. 414; 66 C. J., *idem,* secs. 467-8 and 1606-7; 29 A. and E. Ency. Law, *idem,* page 647.

In view of this holding, comment on other points of error becomes unnecessary.

The judgment of the circuit court is accordingly reversed and the case remanded.

*Reversed and remanded.*